UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Angela M. S., | Case No. 20-cv-2566 (WMW/JFD) |
| Plaintiff, | |
| | **ORDER** |
| v. | |
| Kilolo Kijakazi, *Acting Commissioner of Social Security*, | |
| Defendant. | |

---

This matter is before the Court on Plaintiff Angela M. S.'s unopposed motion for attorney's fees. (Dkt. 36.) For the reasons addressed below, Plaintiff's motion is granted.

## BACKGROUND

Plaintiff is a resident of Minnesota. Defendant Kilolo Kijakazi (the Commissioner) is the Acting Commissioner of the United States Social Security Administration (SSA).

Plaintiff commenced this action in late 2020, seeking review of the Commissioner's final decision to deny Plaintiff's application for disability benefits under the Social Security Act. In particular, Plaintiff alleged that the Commissioner's decision to deny Plaintiff's application was not supported by substantial evidence in the record. In 2021, Plaintiff and the Commissioner cross-moved for summary judgment. The magistrate judge thereafter issued a Report and Recommendation (R&R), which concluded that the Commissioner's decision was not supported by substantial evidence in the record. The R&R recommended granting in part and denying in part Plaintiff's motion for summary judgment, denying the Commissioner's motion for summary judgment and remanding this matter to the SSA for

further proceedings pursuant to 42 U.S.C. § 405(g). *Id.* This Court adopted the R&R in full on July 26, 2022.

Plaintiff now moves for post-judgment attorney's fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). Although the Commissioner does not oppose Plaintiff's motion, the Commissioner submits that any fee award should be ordered payable directly to Plaintiff, rather than Plaintiff's counsel, so the Treasury Department can verify whether Plaintiff holds any outstanding federal debt.

## ANALYSIS

Pursuant to the EAJA, a court "shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). "A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action" submit to the court an application "which shows that the party is a prevailing party . . . and the amount sought." 28 U.S.C. § 2412(d)(1)(B). The statement "must also allege that the position of the United States was not substantially justified." *Id.*

To be considered a "prevailing party" within the meaning of the EAJA, a plaintiff must have achieved a judicially-sanctioned material alteration of the parties' legal relationship. *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Hum. Servs.*, 532 U.S. 598, 604 (2001). Remand under 42 U.S.C. § 405(g) is a final judgment that qualifies a plaintiff for prevailing party status. *See Shalala v. Schaefer*, 509 U.S. 292, 300–02 (1993). And once a prevailing party alleges that the United States

2

was not substantially justified in its actions, the burden "shifts to the [United States] to prove that its position in the underlying litigation was substantially justified." *Scarborough v. Principi*, 541 U.S. 401, 405 (2004) (internal quotation marks omitted).

Plaintiff asserts, and the Commissioner does not contest, that Plaintiff's request for attorneys' fees was timely filed and that Plaintiff is a prevailing party within the meaning of the EAJA. Moreover, Plaintiff argues, and the Commissioner does not dispute, that the United States was not substantially justified in its actions. *Cf. Youness v. Berryhill*, No. 17-cv-4108 (DSD/BRT), 2018 WL 4218805, at *1 (D. Minn. Sept. 5, 2018) (construing Commissioner's failure to object to a motion for fees as a concession on the EAJA's substantial-justification requirement). The Court concludes, therefore, that Plaintiff is a prevailing party within the EAJA and that the United States' position in the underlying litigation was not substantially justified.

A prevailing party's application for fees pursuant to the EAJA also must include "an itemized statement from any attorney . . . stating the actual time expended and the rate at which fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B). "[A]ttorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." *Id.* at § 2412(d)(2)(A).

Plaintiff seeks $4,119.50 in fees for 19.25 hours of work performed by her counsel, James Greeman and Doris Leland. Greeman and Leland charged hourly rates of $214 in this matter—Greeman for 5 hours of work, and Leland for 14.25 hours of work. Plaintiff

3

bases her request on the itemized declarations of Greeman and Leland and argues that the Court should apply an upward cost-of-living adjustment to the EAJA's statutory rate of $125 per hour.

The Consumer Price Index (CPI) "constitutes proper proof of the increased cost of living since the EAJA's enactment and justifies an award of attorney's fees greater than [$125] per hour in these cases." *Johnson v. Sullivan*, 919 F.2d 503, 504 (8th Cir. 1990) (internal quotation marks omitted). The CPI in March 1996, the date of the EAJA's enactment, was $150.70. During the months relevant to Plaintiff's counsel's work on this matter, the average CPI was $260.30. Applying this average CPI to the EAJA's fee rate of $125 per hour yields an adjusted rate of approximately $214 per hour. Plaintiff has established, therefore, that increases in cost of living justify the rates her attorneys charged in this matter. Moreover, the Greeman and Leland declarations demonstrate that Plaintiff's counsel expended a reasonable number of hours working on this matter. *See Youness*, 2018 WL 4218805, at *2 (collecting cases).

Finally, the Commissioner argues that, although she does not object to Plaintiff's motion, the Court should order that the fees be payable directly to Plaintiff rather than Plaintiff's counsel so the Treasury Department can verify whether Plaintiff holds any outstanding federal debt. The EAJA awards fees to the litigant and not the attorney. *See Astrue v. Ratliff*, 560 U.S. 586, 593 (2010). Accordingly, the EAJA subjects fee awards "to a federal administrative offset if the litigant has outstanding federal debts." *Id.* A directive that the attorney's fees in this matter should be awarded directly to Plaintiff, therefore, is appropriate.

For these reasons, Plaintiff has established that she is entitled to prevailing-party attorney's fees in the amount of $4,119.50 pursuant to the EAJA.

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1. Plaintiff Angela M.S.'s motion for attorney fees, (Dkt. 36), is **GRANTED** as addressed herein.

2. Plaintiff Angela M.S. is awarded attorney's fees, pursuant to 28 U.S.C. § 2412(d), in the amount of $4,119.50.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  January 5, 2023                                  s/Wilhelmina M. Wright
                                                         Wilhelmina M. Wright
                                                         United States District Judge